IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

ROBERT CHARLES SCALIA
BARBARA JUDITH SCALIA

    Debtors.                            Case No. 04-09887-8-JRL
                                                               Chapter 13

_____

**ORDER**

      This case is before the court on the "Claim and Request by Chapter 7 Trustee for Payment of Administrative Expenses" filed by James B. Angell ("Angell"). On July 20, 2005, the court conducted a hearing on this matter in Wilmington, North Carolina.

      On December 23, 2004, the debtors filed for relief under Chapter 7. In their petition, the debtors valued their residence at $126,226.00, which was the stated tax value. Thereafter, the trustee conducted a § 341 meeting. On January 27, 2005, Angell, as the Chapter 7 trustee, applied to employ himself as attorney for the trustee. The court granted that application on February 9, 2005.

      As trustee, Angell consulted a local real estate broker in New Hanover County, Faye Brock ("Brock"), who assessed the subject property and determined that the fair market value was approximately $165,000.00. Based on that information, the trustee offered the debtors the opportunity to purchase the equity in the property for $10,000.00. The debtors rejected that offer. On February 22, 2005, the debtors allowed a local real estate appraiser, Lorraine Breidenstein ("Breidenstein"), to inspect their residence. She determined that the fair market value of the property was $145,000.00. On February 23, 2005, the trustee

1

moved to sell the subject residence free and clear of liens. On March 24, 2005, the debtors opposed the sale of the property and moved the court to order the trustee to abandon the debtors' interest in the property.

Thereafter, the trustee moved for an examination of certain documents, pursuant to Bankruptcy Rule 2004. The debtors opposed the exam or, alternatively, requested that it take place in Wilmington, North Carolina. On March 28, 2005, the court granted the trustee's motion for examination of documents, and the trustee accommodated the debtors' request to conduct the examination in Wilmington.

On March 31, 2005, the trustee moved to compel the debtors to admit the trustee's chosen real estate professional and appraiser into the subject property to determine the value of the property. In the motion, the trustee asserted that the debtors had refused to cooperate with the trustee to allow entry into their residence. In their response to the motion to compel, the debtors admitted that they had previously opposed the entry of the real estate professional and appraiser into their residence because they believed it was premature and unreasonable in light of the debtors' motion for the abandonment of property. On April 7, 2005, the court granted the trustee's motion to compel. On April 19, 2005, Brock and the designated real estate appraiser, Thomas Cavenaugh ("Cavenaugh"), were allowed access to the subject property. After inspecting the property, Cavenaugh independently valued the home at $169,200.00. Angell filed a brief in opposition to the debtors' motion for the abandonment of property. On April 20, 2005, the court conducted a hearing on the debtors' motion for the abandonment of property and the trustee's motion to sell the property free and clear of liens. Breidenstein, Brock, and Cavenaugh testified at the hearing. The evidence made clear that the subject property is located in a desirable neighborhood in a rapidly appreciating market. Breidenstein, the debtors' chosen real estate appraiser, admitted that she had seen

2

a 10 to15 percent increase in the relevant market within the last six months. Based on the evidence presented at the hearing, the court denied the debtors' motion for the abandonment of property and granted the trustee's motion to sell the property free and clear of liens.

As a result of his efforts as the Chapter 7 trustee and attorney for the Chapter 7 trustee, Angell established that the sale of the debtors' residence would result in a net benefit for creditors because sufficient equity existed in the property above the secured claims and debtors' exemptions. On April 20, 2005, the debtors moved to convert the case to Chapter 13, and, on April 22, 2005, the court entered an order granting that motion. Angell requests payment by the Chapter 13 estate for administrative expenses incurred in his capacity as Chapter 7 trustee and the attorney for the Chapter 7 trustee after the commencement of the Chapter 7 case and prior to the conversion.

Angell asserts that he has expended 5.6 hours as Chapter 7 trustee and 66.2 hours as attorney for the Chapter 7 trustee. He has voluntarily reduced his request for compensation as attorney by approximately one-third. Thus, the total amount requested for compensation as trustee and attorney is $7,093.15. Attached to the fee application is the description of the services provided. The debtors dispute the fee application; however, they were not present at the hearing to provide any testimony. The debtors' attorney asserts that the compensation requested in this case is unreasonable and cites In re Berry, 166 B.R. 932 (Bankr. D. Or. 1994) and In re Red Cross Hospital Assoc., Inc., 18 B.R. 593 (Bankr. Ky. 1982).

The court follows its standard set forth in In re McCollum, Case No. 02-01214-8-JRL (Bankr. E.D.N.C. July 30, 2002) and finds that the pre-conversion services of the trustee and his attorney resulted in actual value and/or potential benefit to creditors. The requested compensation is reasonable in light of

3

the discovered undervaluation of property and the debtors' failure to cooperate with the trustee in the Chapter 7 case. The court also takes into consideration that Angell, in his capacity as attorney for the Chapter 7 trustee, has voluntarily lowered his fees by approximately one-third. The court grants the claim and request for payment in the amount of $7,093.15 to Angell as an administrative expense from the Chapter 13 estate. The court finds that the debtors substantially undervalued their residence in this case. If debtors try to retain their residence in a Chapter 7 proceeding by undervaluing their property, vehemently fighting the Chapter 7 trustee when he tries to sell the property, and thereafter converting the case to Chapter 13 when the fight is unsuccessful, the debtors should be prepared to pay reasonable compensation for the actual and necessary services of the Chapter 7 trustee and his attorney.

**So Ordered.**

**Dated: July 26, 2005**

*J. Rich Leonard*
United States Bankruptcy Judge